

L. Paul Mankin (SBN 264038)
The Law Office of L. Paul Mankin
8730 Wilshire Blvd, Suite 310
Beverly Hills, CA 90211
800-219-3577
323-207-3885
pmankin@paulmankin.com

Attorney for Plaintiff

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAY 1 2015

By Jessica Garcez, DEPUTY

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SAN BERNARDINO
### LIMITED JURISDICTION

| | |
|---|---|
| BILL UZETA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ASSET ACCEPTANCE, LLC, and DOES 1 THROUGH 10,<br><br>Defendant. | Case No. CIVDS1506272<br><br>**COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>1. Violation of Rosenthal Fair Debt Collection Practices Act<br>2. Violation of Fair Debt Collection Practices Act<br>3. Violation of Telephone Consumer Protection Act |

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims

Complaint - 1

for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2. Plaintiff, Bill Uzeta ("Plaintiff"), is a natural person residing in San Bernardino County, in the State of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, Asset Acceptance, LLC, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt

5. Defendant usually contacted Plaintiff using telephone number 877-850-0087.

6. On information and belief, Plaintiff received, on average, at least one collection call per day from Defendant.

7. On information and belief, Plaintiff received, on average, five collection calls per week from Defendant.

8. On multiple occasions, Plaintiff informed Defendant that he is disabled and out of work. Consequently, Plaintiff demanded that Defendant stop contacting him due to the

calls being harassing and his inability to repay any of the alleged debt.

9. In response, Defendant continued to contact Plaintiff daily in an attempt to collect the alleged debt.

10. Moreover, Defendant stated, on multiple occasions, that Plaintiff must still make a payment immediately and that Plaintiff should pay the alleged debt with another person's credit card or else a lawsuit will most likely be filed against him.

11. On information and belief, Plaintiff alleges that Defendant had no intention of filing a lawsuit against Plaintiff.

12. Moreover, Defendant contacted Plaintiff on his new cellular telephone number.

13. On information and belief, Defendant contacted Plaintiff using an Automatic Telephone Dialing System. After answering the telephone, there is typically a two to three second pause before a live representative is connected to the call. On information and belief, Plaintiff also alleges that he was called with a pre-recorded message from Defendant.

14. At no time did Plaintiff ever provide Defendant with permission to contact him using an ATDS on his new cellular telephone number.

15. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

    a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d);

    b) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

    c) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

Complaint - 3

d) Threatening a consumer with legal action without the intention of filing such an action (§1692e(5));

e) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

f) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e)).

16. Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

17. As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

18. Additionally, as a result of Plaintiff being disabled as defined under California Civil Code Section 3345, and as a consequence of Asset Acceptance LLC's wrongful actions, Plaintiff is entitled to a trebling of any damaged imposed by the trier of fact pursuant to California Civil Code Section 3294.

### COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff reincorporates by reference all of the preceding paragraphs.

20. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages for willful and negligent violations;
    C.    Costs and reasonable attorney's fees,
    D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

21.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A.    Actual damages;
    B.    Statutory damages;
    C.    Costs and reasonable attorney's fees; and,
    D.    For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

22.    Plaintiff reincorporates by reference all of the preceding paragraphs.

23.    To the extent that Defendant's actions, counted above, violated the TCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

//

A. Actual damages;
B. Statutory damages for willful and negligent violations;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this April 29, 2015.

By: _____
L. Paul Mankin
Law Offices of L. Paul Mankin
Attorney for Plaintiff